UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-155 (TSC) |
| v. : | |
| : | |
| KYLE D. MCMAHAN, : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S
### MOTION FOR DELAY IN REPORT DATE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Kyle McMahan's Motion for Delay in Report Date (ECF No. 37).

On June 28, 2024, defendant pleaded guilty to assaulting a police officer during the attack on the U.S. Capitol on January 6, 2021. Ten weeks later, on September 10, 2024, this Court sentenced defendant to serve 19 months of incarceration and 12 months of supervised release. The Court ordered defendant to report for his term of incarceration no later than 2:00 p.m. on December 2, 2024. ECF No. 34. The Court also strongly recommended that defendant be placed in FMC Fort Worth due to "considerable medical issues." *Id.* Defendant was not taken into custody at the time of sentencing and, without government objection, he was permitted to voluntarily self-surrender. Defendant now wants to delay reporting because the facility that will house him during his term of incarceration is not his preferred choice and because he would like his family to visit him over the holidays. While the government recognizes the impact that incarceration has on both a defendant and the defendant's friends and family, the government is opposed.

Defendant's self-surrender date, December 2, 2024, comes nearly 12 weeks after sentencing and over 22 weeks after he pleaded guilty to attacking a police officer during the

January 6 riot. He now asks the Court to delay his self-surrender date until after the holidays—another 6 weeks beyond the currently scheduled self-surrender date. There is no good reason for this delay. To the contrary, "[t]imely reporting is the expectation and delay the exception, with the latter warranted only in the face of persuasive reasons." *United States v. Sheppard*, No. CR 21-203 (JDB), 2023 WL 6847010, at *2 (D.D.C. Oct. 17, 2023). In *Sheppard*, that defendant sought a delay in reporting so he could spend the holidays with his family, noting that the prison to which he had been designated was approximately 7 hours from his home and would affect his family's ability to visit him. That did not justify a delay in reporting in the *Sheppard* case and it should not be the basis of any delay here. *See id.* McMahan complains that his designated facility is 5 hours away from his home and that his children will not be able to visit him during the holidays. No explanation is given as to why a five-hour drive—while inconvenient—would prohibit his children (ages 17 and 18) from visiting him.

The government also notes that if defendant's motion is granted, his sentence will start more than six months after he pleaded guilty. The purposes behind criminal sentencing are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 131 S. Ct. 2382, 2387 (2011) ("[A] court must fashion a sentence 'to achieve the[se] purposes . . . to the extent that they are applicable' in a given case.") (quoting and citing 18 U.S.C. § 3551(a)). Further delay runs counter to the public interest in the orderly administration of justice, and further delay would serve to undermine respect for the rule of law.

Defendant also raises his uncurable genetic condition as a reason for delay. While his condition is unfortunate, it does not insulate defendant from facing the consequences of his actions. To the contrary, absent some urgent risk to health, there is no justification for delay. *See Sheppard*,

2023 WL 6847010, at *2 (comparing *United States v. Allan*, Crim. A. No. 21-64 (CKK), ECF No. 56, (D.D.C. Feb. 9, 2023) (delay granted for defendant's surgery)).

In fact, McMahan's condition and its effects were discussed and considered by the Court when it imposed a term of incarceration and ordered him to self-surrender by December 2, 2024. McMahan gives no reason why he cannot receive an adequate level of care at FCC Beaumont, a facility with enhanced medical resources such as evaluations by medical specialists.[1] FCC Beaumont has daily clinic hours from Monday through Friday with emergency care available 24 hours a day, seven days a week. Moreover, for inmates requiring inpatient care or outpatient services not available at the BOP facility, the healthcare provider has contractual relationships with Beaumont area hospitals and providers.

Finally, the government cannot ignore the possibility that further delay will undermine the deterrent effect of McMahan's sentence. Defendant asks the Court to delay reporting until January 13, 2025, without indicating how any of McMahan's circumstances could change in January.

---

[1] FCC Beaumont is designated a level one and two facility. Descriptions about levels of care are available online at https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (May 2019).

For the foregoing reasons, the Court should deny McMahan's motion to delay his report date, and McMahan should self-surrender by 2:00 p.m. on Monday, December 2, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: */s/ Carlos A. Valdivia*
CARLOS A. VALDIVIA
Assistant United States Attorney
D.C. Bar No. 1019242
601 D Street, NW
Washington, D.C. 20530
(202) 252-7508
Carlos.Valdivia@usdoj.gov